# In the United States Court of Appeals for the District of Columbia Circuit

NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES, *et al.*,
*Appellants*

v.

DISTRICT OF COLUMBIA,
*Appellee*

On Appeal from the U.S. District Court for the District of Columbia
No. 1:24-CV-02942-ACR, District Judge Ana C. Reyes

### Appellants' Reply In Support Of Their Motion to Expedite

J. Mark Little
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, Texas 77002
(713) 229-1489
mark.little@bakerbotts.com

Scott Novak
BAKER BOTTS L.L.P.
700 K St N.W.
Washington, D.C. 20001
(202) 639-1316
scott.novak@bakerbotts.com

*Counsel for National Association of Home Builders of the United States, Restaurant Law Center, National Apartment Association, Maryland Building Industry Association, and Washington Gas Light Company*

*Additional counsel and parties listed on next page*

Abigail V. Carter
BREDHOFF & KAISER, P.L.L.C.
805 15th St. NW, Ste. 1000
Washington, D.C. 20005
(202) 842-2600
acarter@bredhoff.com

*Counsel for Philadelphia-Baltimore-Washington Laborers' District Council*

Lauren McDermott
MOONEY, GREEN, SAIDON, MURPHY & WELCH, P.C.
1920 L St. NW
Washington, D.C. 20036
(202) 783-0010
lmcdermott@mooneygreen.com

*Counsel for Teamsters Local 96*

The District's Response tries to paint a picture of Appellants overreacting and requesting extraordinary relief for no good reason. In truth, however, Appellants merely request that the parties follow the default briefing deadlines under the rules, but with no extensions and priority treatment for oral argument. And Appellants have more than met the threshold for showing why, in light of the D.C. Gas Ban's fast-approaching, end-of-year implementation date, that modest relief is reasonable and warranted here.

The District stumbles out of the gate by claiming that Appellants' nonrecoverable economic injuries do not constitute irreparable harm. Resp. 5-8. The Supreme Court has repeatedly held otherwise, as the cases cited in Appellants' Motion demonstrate. *See Ohio v. EPA*, 603 U.S. 279, 291-92 (2024) (holding that incurring significant "nonrecoverable" compliance costs "during the pendency of th[e] litigation" constitutes a "strong argument[]" on "[irreparable] harm[]"); *Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 594 U.S. 758, 765 (2021) (recognizing a "risk of irreparable harm by depriving [landlords] of rent payments with no guarantee of eventual recovery"); *Phillip Morris USA Inc. v. Scott*, 561 U.S. 1301, 1304 (2010) (observing that economic harm is irreparable "[i]f expenditures cannot be recouped"); *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 220-21 (1994) (Scalia, J., concurring in part and concurring in the judgment) (explaining that "complying with a regulation later held invalid almost *always* produces the

1

irreparable harm of nonrecoverable compliance costs"). Unable to contend with those precedents, the District instead ignored them. That effective concession should end the argument.

The cases the District cites in place of those Supreme Court precedents do it no good either. For one, none arises in the context of a motion to expedite. More importantly, the three cases the District cites from this Court all turn on the same rationale: economic losses generally are not irreparable harm because such harms "are presumptively remediable through monetary damages." *Clevinger v. Advocacy Holdings, Inc.*, 134 F.4th 1230, 1234 (D.C. Cir. 2025); *see also Mexichem Spec. Resins, Inc. v. EPA*, 787 F.3d 544, 555 (D.C. Cir. 2015) ("Financial injury is only irreparable where no adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation." (internal quotation marks omitted)); *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation weighs heavily against a claim of irreparable harm." (quoting *Virginia Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958))). If anything, these cases only confirm the irreparability of Appellants' harm because, as Appellants' explained in their Motion, such monetary remedies are unavailable against the District. *See* Mot. 6-7. That is why the District never explains how exactly Appellants are supposed to seek

financial recompense if they ultimately prevail in their challenge to the D.C. Gas Ban. Due to this unavailability of monetary relief on the backend, Appellants' harms literally are irreparable.

The District then pivots to attacking Appellants' declarations, but its critique largely consists of inserting the words "speculating" and "may" around quotations from those declarations. *See* Resp. 8 n.2. The declarations speak for themselves and evidence the harm that Appellants will suffer absent expedition. As one example, two unions explained that the D.C. Gas Ban "will reduce the work performed by our members, leading to layoffs and the permanent loss of employment." Mot., Exhibit 8, Ryan Boyer Decl., Dkt. 1-6, ¶ 6; *see also* Mot., Exhibit 9, Wilder Reed Decl., Dkt. 1-7, ¶ 6 ("The D.C. Appliance Ban will result in a decline of work performed by Local 96 members and will deprive Local 96 members of work."). In another one of the declarations, a member of the National Association of Home Builders stated unequivocally that it "will face significant sales losses if new commercial buildings and substantially modified commercial buildings in the District of Columbia can no longer use the gas appliances we manufacture and sell due to the D.C. Appliance Ban." Mot., Exhibit 3, Perry McGuire Decl., Dkt. 1-1, at ¶ 5. Those declarations and

others establish serious and concrete irreparable harm that more than suffices to merit the modest expedition Appellants request.[1]

The District next claims that Appellants are to blame for the need to expedite, Resp. 9, but the facts tell a different story. Appellants filed suit in October 2024, over two years before the D.C. Gas Ban's December 31, 2026, implementation date. Appellants thus acted in time to get a ruling from the district court, and perhaps from this Court as well, before the D.C. Gas Ban is fully implemented. True, Appellants did not seek the extraordinary relief of a preliminary injunction, *id.*, but nothing about that restrained and prudent decision in the proceedings below should prejudice Appellants' request for expedition.

The District concludes by making the astounding claim that the decision below is "not subject to substantial challenge." Resp. 10. The inconvenient fact, though, is that the only court of appeals that has addressed the key preemption question under the Energy Policy and Conservation Act sided with the challengers and struck down the City of Berkeley's similar gas ban. *See California Restaurant Association v. City of Berkeley*, 89 F.4th 1094, 1107 (9th Cir. 2024). That was not

---

[1] To avoid any confusion, Appellants note that the District misunderstands Appellants' point regarding how the D.C. Gas Ban will shrink the pool of gas customers. *See* Resp. 8. The key is that the D.C. Gas Ban will result in "fewer customers than there otherwise would be." Mot., Exhibit 7, Donald "Blue" Jenkins Decl., Dkt. 1-5, at ¶ 8. So regardless of whether the absolute customer count rises, falls, or remains flat, there would be more customers but for the D.C. Gas Ban.

some rogue panel either, as the Ninth Circuit subsequently declined to rehear the case en banc. *Id.* The District tries to spin that in its favor by pointing out that a minority of Ninth Circuit judges saw the matter the other way. *See* Resp. 10. But the fact remains that there were obviously not enough votes on the Ninth Circuit to disturb the panel's opinion, which is now the law of that circuit and a decision from which this Court would be reluctant to depart. *See Mountain States Legal Found. v. Glickman*, 92 F.3d 1228, 1237 (D.C. Cir. 1996) (observing that the Court "would be most reluctant to create a circuit split").[2]

In any event, if the District genuinely believes this case is so one-sided in its favor, then it should have no objection to a swift and efficient adjudication of Appellants' challenge. After all, it would not be a heavy lift to defend a ruling that is "not subject to substantial challenge." Resp. 10. Yet the District stridently opposes even the modest expedition Appellants propose. That is hard to square with its view that Appellants cannot mount a substantial challenge to the decision below.

---

[2] As for the handful of district court rulings that have departed from the Ninth Circuit's view, those do not change the fact that the only court of appeals that has reached this question has adopted an interpretation of the Energy Policy and Conservation Act that would invalidate the D.C. Gas Ban. Nor do they somehow show that the district court's opinion is "not subject to substantial challenge." Resp. 10.

# CONCLUSION

For these reasons, Appellants respectfully request that the Court grant their motion, expedite its consideration of this appeal, and set the following schedule for this case:

- Appellants' Opening Brief and Joint Appendix due June 8, 2026 (40 days after the filing of the motion), with no extensions.

- Appellee's Response Brief due July 8, 2026 (30 days after the Opening Brief's due date), with no extensions.

- Appellants' Reply Brief due July 29, 2026 (21 days after the Response Brief's due date), with no extensions; and

- Case set for oral argument on a priority basis once the briefing has been completed and entry of the case into the Court's stand-by pool for oral argument.

Appellants additionally request such further relief to which they may be entitled.

Respectfully submitted,

BAKER BOTTS L.L.P.

/s/ *J. Mark Little*
J. Mark Little
910 Louisiana Street
Houston, Texas 77002
(713) 229-1489
mark.little@bakerbotts.com


Scott Novak
700 K St N.W.
Washington, D.C. 20001
(202) 639-1316
scott.novak@bakerbotts.com


*Counsel for National Association of Home Builders of the United States, Restaurant Law Center, National Apartment Association, Maryland Building Industry Association, and Washington Gas Light Company*

BREDHOFF & KAISER, P.L.L.C.

/s/ *Abigail V. Carter*
Abigail V. Carter
805 15th St. NW, Ste. 1000
Washington, D.C. 20005
(202) 842-2600
acarter@bredhoff.com

*Counsel for Philadelphia-Baltimore-Washington Laborers' District Council*

MOONEY, GREEN, SAIDON, MURPHY & WELCH, P.C.

/s/ *Lauren McDermott*
Lauren McDermott
1920 L St. NW
Washington, D.C. 20036
(202) 783-0010
lmcdermott@mooneygreen.com

*Counsel for Teamsters Local 96*

# CERTIFICATE OF COMPLIANCE

1.      This reply complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,358 words.

2.      This reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this reply has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman font.

*/s/ J. Mark Little*
J. Mark Little

# CERTIFICATE OF SERVICE

I certify that on May 18, 2026, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all registered users.

*/s/ J. Mark Little*
J. Mark Little