# In the United States Court of Appeals for the District of Columbia Circuit

NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES, *et al.*,
*Appellants*

v.

DISTRICT OF COLUMBIA,
*Appellee*

On Appeal from the U.S. District Court for the District of Columbia
No. 1:24-CV-02942-ACR, District Judge Ana C. Reyes

**Appellants' Response in Opposition to Appellee's
Motion for a 30-Day Extension of Time to File its Response Brief**

Appellants oppose the District's motion for a 30-day extension of time to file its response brief. The District's motion arrives mere weeks after an entire round of briefing on Appellants' motion to expedite this appeal, in which Appellants explained the need for a swift resolution of this case before the end of this year, when the District's ban on gas appliances in various buildings throughout the District will take effect. *See* D.C. Code § 6-1453.01(b)(1) (requiring the Mayor to "issue final regulations" implementing the ban "[b]y December 31, 2026"). Appellants will not burden the Court with duplicative briefing as to why expedition is necessary and how it will help to minimize Appellants' ongoing irreparable harm. *See* Mot. to

Expedite 5-7. But suffice it to say that the magnitude of Appellants' harm will grow exponentially come December 31, 2026. *See id.* 5-6. Appellants accordingly proposed in their motion a standard briefing schedule, but with no extensions and priority treatment for oral argument. *See id.* at 9.

On May 26, "[u]pon consideration of [Appellants'] motion to expedite," this Court entered a briefing schedule with the due dates requested by Appellants and ordered that the case be scheduled "for oral argument on the first appropriate date in September 2026." Order at 1. Yet now the District seeks to relitigate the issue of expedition that the Court already considered and ruled upon. Worse yet, the District's new proposed schedule, which pushes Appellants' reply brief to August 28, imperils the September oral argument date that the Court has ordered for this case. It would be unreasonable to push the briefing deadline so close to oral argument.

The District's motion, moreover, does not articulate good cause for its requested extension. The District cites the "press of other matters" and identifies the due dates for one dispositive motion and one other brief. District's Mot. at 1-2. But that is not good cause, at least not in these circumstances. The Court's Handbook is instructive on this point: "With respect to cases that have been calendared for oral argument, the Court has instructed the Clerk to deny motions for extensions of time to file briefs (except for very modest extensions of 1 or 2 days) where . . . the need for the extension is attributed to . . . the press of other business." D.C. Circuit

Handbook § IX.A.1. This Court's Rule 28(e)(1) provides similar guidance: "The court disfavors . . . motions to extend the time for filing briefs that affect the oral argument schedule. Such motions will be granted only for extraordinarily compelling reasons." While this case has not been officially calendared for oral argument, the Court has directed the clerk do so "on the first appropriate date in September 2026." Order at 1. Accordingly, more justification than the "press of other matters" should be required to upset the Court's considered schedule—especially when that the schedule came after an entire round of briefing on Appellants' motion to expedite.

For these reasons and those stated in Appellants' motion to expedite and reply in support thereof, Appellants respectfully request that the Court deny the District's motion.

Respectfully submitted,

BAKER BOTTS L.L.P.

By: */s/ J. Mark Little*
J. Mark Little
910 Louisiana Street
Houston, TX 77002
(713) 229-1489
mark.little@bakerbotts.com

Scott Novak
700 K Street NW
Washington, D.C. 20001
(202) 639-1316
scott.novak@bakerbotts.com

Daniel B. Rankin
401 S. 1st Street, Ste. 1300
Austin, TX 78704
(737) 393-7297
daniel.rankin@bakerbotts.com

*Counsel for National Association of Home Builders of the United States, Restaurant Law Center, National Apartment Association, Maryland Building Industry Association, and Washington Gas Light Company*

BREDHOFF & KAISER, P.L.L.C.

/s/ *Abigail V. Carter*
Abigail V. Carter
805 15th Street, NW, Ste. 1000
Washington, D.C. 20005
(202) 842-2600
acarter@bredhoff.com

*Counsel for Philadelphia-Baltimore-Washington Laborers' District Council*

MOONEY, GREEN, SAIDON, MURPHY
& WELCH, P.C.

/s/ *Lauren McDermott*
Lauren McDermott
1920 L Street NW
Washington, D.C. 20036
(202) 783-0010
lmcdermott@mooneygreen.com

*Counsel for Teamsters Local 96*

## CERTIFICATE OF COMPLIANCE

1.  This response complies with the type-volume limitation in Federal Rule of Appellate Procedure 27(d)(2)(A) because the response contains 519 words, excluding exempted parts.

2.  This response complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman font.

*/s/ J. Mark Little*
J. Mark Little

## CERTIFICATE OF SERVICE

I certify that on June 9, 2026, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all registered users.

*/s/ J. Mark Little*
J. Mark Little