

ATTORNEY GENERAL
BRIAN L. SCHWALB

Office of the Solicitor General

August 4, 2026

Clifton Cislak
Clerk of the Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Ave., NW
Washington, D.C. 20001

Re:  No. 26-7050, *National Association of Home Builders v. District of Columbia*
Oral argument to be held September 8, 2026

Dear Mr. Cislak:

Under Fed. R. App. P. 28(j), the District of Columbia cites *Clean Energy Choice Coalition v. Village of Oak Park*, No. 25-CV-04353, 2026 WL 2205908 (N.D. Ill. July 30, 2026) (Valderrama, J.), to support the argument that the Clean Energy D.C. Building Code Amendment Act of 2022 (Clean Buildings Act), D.C. Code § 6-1453.01, is not preempted by the Energy Policy and Conservation Act (EPCA), 42 U.S.C. § 6101 *et seq*.  *See* District Br. 17-25, 27-46.

*Clean Energy* held that a local ordinance allowing only "electric" energy in "new buildings" did not "concern[]" the "energy use" of "covered product[s]" under EPCA's preemption provision, 42 U.S.C. § 6297(c).  2026 WL 2205908, at *7-9. The court explained that "'energy use' in EPCA refers to a predetermined value that is assigned to a product before it reaches consumers," and so, by prohibiting "fossil fuels," the ordinance did not "effectively set[]" an "energy use" standard of "zero" for gas appliances.  *Id.* at *8.  Rather, the ordinance regulated only "the types of energy" that may be used in "certain buildings" and thus "does not 'concern' energy use under EPCA."  *Id.*

So too here.  District Br. 17-25, 27-46.  The Clean Buildings Act regulates the type of energy used in certain buildings by prohibiting fuel combustion in certain newly constructed or substantially improved buildings.  D.C. Code § 6-1453.01.  But

it does not affect the quantity of energy that any product is manufactured to consume before it reaches consumers, and thus does not "concern[]" the "energy use" of "covered product[s]" under EPCA, 42 U.S.C. § 6297(c).

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General

By: /s/ Bryan J. Leitch
BRYAN J. LEITCH
Assistant Attorney General


cc: All counsel of record via ECF

**CERTIFICATE OF COMPLIANCE**

I certify that this letter complies with the type-volume limitation in Federal Rule of Appellate Procedure 28(j) because it contains 263 words, excluding exempted parts. This letter complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Times New Roman 14-point font.

/s/ Bryan J. Leitch
BRYAN J. LEITCH